FILED
Mar 20, 2026
10:53 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Henry Martin | Docket No. 2025-60-2682 |
| v. | State File No. 2304-2024 |
| Kirby Building Systems, LLC, et al. | |
| Appeal from the Court of Workers' Compensation Claims Kenneth M. Switzer, Chief Judge | |

---

### Affirmed and Certified as Final

---

This appeal involves an employee who reached maximum medical improvement with no permanent impairment after suffering a compensable injury to his thumb. The employee requested that the court enter an order reflecting that, although he was not entitled to any disability benefits, he remained entitled to reasonable and necessary future medical treatment causally related to the work injury. The employer argued that the employee's petition was improperly filed because there was no current dispute for the court to address. The employee responded that a court order was necessary to ensure his right to future medical treatment was not lost due to the expiration of the statute of limitations. Following a compensation hearing, the trial court agreed with the employee and entered an order reflecting the employee was entitled to future medical benefits that are reasonable, necessary, and causally related to the work injury. The employer has appealed. Having carefully reviewed the record, we affirm the trial court's order, conclude the employer's appeal is frivolous, award attorneys' fees for the frivolous appeal, and certify the order as final.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

W. Troy Hart and Tiffany Hranicky, Knoxville, Tennessee, for the employer-appellant, Kirby Building Systems, LLC

Adam Brock-Dagnan, Nashville, Tennessee, for the employee-appellee, Henry Martin

**Factual and Procedural Background**

The underlying facts of this case are undisputed. On January 7, 2024, Henry Martin ("Employee") injured his thumb in the course and scope of his employment with Kirby Building Systems, LLC ("Employer"). Employer accepted the claim as compensable, and Employee received medical treatment for his injury from his authorized treating physician, Dr. Todd Rubin. On May 3, 2024, Dr. Rubin completed a Final Medical Report, or Form C-30A, certifying that Employee had reached maximum medical improvement ("MMI") and retained no permanent medical impairment.

Almost one year later, on April 28, 2025, Employee filed a petition for benefit determination ("PBD"), stating "Employee never received a final medical report, so we are requesting the same and resolution of all permanency-related issues." Employee also checked boxes on the PBD identifying his entitlement to permanent disability benefits as a disputed issue. The Bureau mediator assigned to the case issued a dispute certification notice ("DCN") in August indicating that, although a dispute existed related to Employee's compensation rate, Employee was not owed any monetary benefits. Employee's entitlement to additional medical benefits was also identified as a disputed issue on the DCN, but both parties acknowledged that Employee was still receiving authorized medical treatment at that time. Employer noted "[n]o denied medical treatment" as a defense on the DCN. Employer also emailed the mediator asking that the DCN be supplemented to reflect that there were no current disputes regarding medical benefits and that Employee was apparently seeking an order to ensure his "statutory right" to lifetime medical benefits for his work-related thumb injury.

At a September 15 scheduling hearing, the trial court set the case for trial in October, and, on September 19, the parties stipulated that: (1) there are no disputes regarding temporary disability benefits; (2) there are no pending treatment denials; and (3) Employee is unaware of any outstanding expenses on this claim.

On September 25, 2025, Employer filed a motion for summary judgment, asserting there was no dispute necessitating a trial and the case was not "ripe" for adjudication. Employee filed his response in opposition to Employer's motion on October 21. The court conducted a compensation hearing on October 29, 2025, to address both the pending motion and Employee's request for future medical benefits.[1] Employee, citing Tennessee Code Annotated section 50-6-203, argued that if he did not receive authorized treatment within one year of the date of his last authorized treatment or Employer's last voluntary payment of benefits, any future request for medical treatment could be barred by the statute of limitations. In response, Employer contended that Tennessee Code Annotated section 50-6-204 already guarantees an injured worker the right to open medical benefits, making

---

[1] No testimony was presented during the compensation hearing, and no evidence was admitted other than the stipulations of the parties.

such an order unnecessary. Employer also asserted that because there are no current disputes between the parties, the matter is not ripe for adjudication.

In its November 5, 2025 compensation order, the court rejected Employer's ripeness argument, finding that the dispute had matured to the point where it warranted a judicial determination. It denied Employer's motion for summary judgment and concluded that Employee was entitled to an order memorializing his entitlement to reasonable, necessary, and work-related future medical benefits with Dr. Rubin for his thumb injury. Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2025). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to credibility determinations made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "when it comes to deposition testimony, an appellate panel is in the same position as the trial court to make credibility determinations." *Edwards v. Peoplease, LLC*, No. W2024-01034-SC-R3-WC, 2025 Tenn. LEXIS 514, at *18 (Tenn. Dec. 22, 2025). Thus, when medical proof is presented by deposition, "the reviewing court may draw its own conclusions about the weight and credibility of the expert testimony." *Id.* Moreover, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2025).

**Analysis**

Employer raises several issues on appeal, which we have restated as follows: whether the trial court erred by (1) concluding Employee's PBD was properly filed despite the absence of any existing disputes; (2) determining Employee's claim was ripe for adjudication; (3) denying summary judgment even though no justiciable controversy existed; and (4) entering an order in Employee's favor given "this is not necessary to preserve future medical benefits for a compensable injury in Tennessee." Finally, Employer asserts that this action would "undermine the workers' compensation system and invite abuse." Conversely, Employee contends the trial court's order should be affirmed in its entirety.

3

*Petition for Benefit Determination*

Employer contends Employee's filing of his PBD was "statutorily improper and jurisdictionally defective" because the existence of a "dispute" is an absolute prerequisite to filing a PBD. Employer further asserts that the DCN was not properly issued because the "statutory condition precedent to judicial involvement was not satisfied. Jurisdiction cannot be created by filing a [PBD] without controversy, and the trial court therefore lacked authority to adjudicate the claim." Employer provides no basis for this argument other than to point out that Tennessee Code Annotated section 50-6-203(a) requires a DCN to be issued prior to any hearing for benefits.

In response, Employee argues that his PBD is proper pursuant to Tennessee Code Annotated section 50-6-203(b)(2), which provides as follows:

> In instances when the employer has voluntarily paid workers' compensation benefits, within one (1) year following the accident resulting in injury, the right to compensation is forever barred, *unless a petition for benefit determination is filed with the bureau* on a form prescribed by the administrator within one (1) year from the latter of the date of the last authorized treatment or the time the employer ceased to make payments of compensation to or on behalf of the employee.

*Id*. (emphasis added). Here, Dr. Rubin opined that Employee had reached MMI on May 3, 2024, assigned a 0% permanent impairment rating, and released him from care. Employee filed his PBD almost one year later, on April 28, 2025, as mandated by subsection 203(b)(2). Although Employee acknowledged that he is not entitled to disability benefits as a result of his injury, he asserts a statutory entitlement to future medical benefits.

Employer's position in this case is untenable. As noted in Tenn. Comp. R. and Regs. 0800-02-21-.02(23)(a), a "petition for benefit determination" is defined as "a written request for the bureau to assist in resolution of disputed issues *and is the document that initiates the litigation process as described in Tennessee Code Annotated section 50-6-203*." (Emphasis added.) Thus, by the express terms of this definition, the filing of a PBD accomplishes two related but distinct functions: (1) it brings to the Bureau's attention the existence of a dispute; and (2) it initiates the litigation process within the time limits described in subsection 203(b). Moreover, a "dispute" underlying the filing of a PBD can be factual or legal in nature, or both. Clearly, a legal dispute has arisen in this case given that Employee believes his statutory right to future medical benefits is dependent on his timely filing of a PBD as required by subsection 203(b), whereas Employer apparently takes the position that Employee is statutorily entitled to future medical benefits regardless of the provisions of section 203.

4

The Tennessee Supreme Court's Special Workers' Compensation Appeals Panel has directed courts to avoid any statutory construction that places one statute in conflict with another. *See, e.g.*, *Lane v. Rich Prods.*, No. M2004-00566-WC-R3-CV, 2005 Tenn. LEXIS 477, at *9 (Tenn. Workers' Comp. Panel May 18, 2005). Instead, we must "seek the most reasonable construction which avoids statutory conflict and provides for harmonious operation of the laws." *Id.* at *9-10 (internal citation and quotation marks omitted). Moreover, we must "presume that the legislature did not intend an absurdity." *Id.* at *10.

Employer's position, if accepted, would create an absurdity in the workers' compensation law. Employer essentially asks us to validate a strategy of denying the existence of a "dispute" in a compensable claim up to the date the statute of limitations expires due to the lack of any authorized medical treatment during the relevant one-year period then, presumably, agree that Employer has the right to deny any further medical benefits due to the expiration of the statute of limitations. In the alternative, were we to accept Employer's position that no dispute exists in a compensable claim where medical benefits are being provided and take that argument to its logical conclusion, an employee in an accepted claim would be required to seek medical care within one year of every authorized medical appointment or the issuance of a medical payment made by the employer, or risk losing entitlement to all future medical benefits. That could, of course, result in an employee seeking potentially unwarranted medical care and the employer or its insurer incurring medical bills for wholly avoidable visits. Such a result is absurd on its face.

Although section 50-6-204 contemplates an injured worker's right to future reasonable and necessary medical care, nothing in that section serves to toll the statute of limitations set out in subsection 203(b). Historically, both before and after the passage of the 2013 Workers' Compensation Reform Act, trial courts in workers' compensation cases were obligated to address as a necessary element of any final judgment the employee's entitlement to future medical benefits. We conclude it is a necessary function of the Court of Workers' Compensation Claims to address issues regarding an injured worker's entitlement to medical benefits, including future medical benefits. Accordingly, we further conclude Employee's PBD was neither "statutorily" nor "jurisdictionally" defective.

*Ripeness Doctrine*

Employer next argues that the case is not ripe for adjudication because no dispute currently exists. Employee, on the other hand, argues that his right to future medical benefits is limited in duration without a court order securing those rights and that filing a PBD is the first step to obtaining that court order, whether through settlement or trial. As the trial court noted, the ripeness doctrine focuses on whether a dispute has matured to the point that it warrants a judicial decision. The court relied on the two-part test set out by the Tennessee Supreme Court in *B&B Enterprises of Wilson County, LLC v. City of*

5

*Lebanon*, S.W.3d 839 (Tenn. 2010). That test requires the court to determine, first, whether the issues in the case are ones appropriate for judicial resolution and, second, whether the court's refusal to act will cause hardship to the parties. *Id.* at 848-49.

We agree with the trial court that the current dispute has matured to the point of warranting judicial resolution. Simply put, Employee asserts that a court order establishing his right to future medical treatment that is reasonable, necessary, and causally related to his work injury is needed to preserve that right. As noted above, in the absence of a properly entered judgment awarding him future medical benefits, Employee risks waiving his right to that treatment if he does not seek authorized treatment during any relevant twelve-month period. Although Employer has not denied any recommended treatment to date, Employee's right to future medical treatment will be "forever barred" pursuant to section 50-6-203(b)(2) if he does not meet the requirements of that section, namely, the timely filing of a PBD. We conclude the case became ripe for adjudication when Employee reached MMI, his last medical bill was paid, and he sought to secure his right to future medical benefits. Further, we agree with the court that its refusal to act would result in hardship to Employee presently and in the future, given that his right to future medical benefits may be forfeited without a court judgment securing that right.

*Summary Judgment*

Related to its motion for summary judgment, Employer argues that there are no genuine issues of material fact necessitating a trial, as both parties agreed there were no unpaid medical or temporary disability benefits, no pending treatment denials, and no dispute as to causation or compensability. According to Employer, a dispute regarding future medical benefits is speculative and is not sufficient to establish the existence of a genuine issue of material fact. Employer also noted the parties' stipulation that Employee is not entitled to permanent disability benefits, asserting that the trial court's denial of its motion for summary judgment was error. Employee, again relying on Tennessee Code Annotated section 50-6-203(b)(2), argues that it is "not speculative that an injured worker loses their right to medical treatment once they do not go back to the doctor after one (1) year." Furthermore, the DCN identified as a disputed issue Employee's entitlement to additional medical benefits. Thus, we discern no error by the trial court in denying Employer's motion.

*Order for Medical Benefits*

For the same reasons outlined above, we conclude the trial court did not err in issuing an order requiring Employer to provide reasonable, necessary, and causally related future medical benefits with Dr. Rubin for Employee's work-related thumb injury. Although a court order is not an absolute requirement to preserve statutory medical benefits as long as an employee seeks authorized medical care within the appropriate time period, injured workers face severe consequences if, in the absence of such an order, they do not

6

seek medical treatment within any relevant twelve-month period. We disagree with Employer's characterization that Employee is merely seeking a court order "to extend or circumvent" the finality of the statute of limitations framework set forth in Tennessee Code Annotated section 50-6-203(b).[2] Instead, we conclude that Employee is attempting to secure certain benefits to which he is entitled by statute after sustaining a compensable work-related injury, which Employer asserts he does not have the right to do.

*Alleged Abuse of the Workers' Compensation System*

Finally, Employer argues that allowing this order to stand "would undermine the workers' compensation system and invite abuse." This argument is similarly specious. Contrary to Employer's arguments on appeal, Employee is not asking the court to resolve "abstract questions" or "hypothetical disputes." Rather, to ensure he does not foreclose his right to future medical treatment made reasonably necessary by his compensable work accident, Employee has asked the court for an order memorializing that entitlement. Similar cases are routinely resolved through the exact process described by Employee. Employer's refusal to voluntarily agree to such an order in the present case is, frankly, difficult to comprehend. Nonetheless, Employee timely sought assistance from the trial court to secure the future medical benefits to which he is entitled as a matter of law. That is the dispute that merited court action. We conclude the preponderance of the evidence supports the trial court's decision.

*Frivolous Appeal*

A frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co. Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016); *see also Burnette v. WestRock*, No. 2016-01-0670, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *15 (Tenn. Workers' Comp. App. Bd. Oct. 31, 2017) ("Stated another way, a frivolous appeal is one that . . . had no reasonable chance of succeeding.") (internal citation and quotation marks omitted). Litigants "should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Yarbrough*, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *10-11 (internal citations omitted).

Here, Employer is appealing an order memorializing a benefit it concedes is owed to Employee for his compensable injury. It argues that the order is unnecessary because Employee is already entitled to these benefits, yet Employee has been forced to spend considerable time and resources litigating this case and obtaining a court order securing his entitlement to those same benefits. We conclude Employer had no reasonable chance of

---

[2] Indeed, Employee could argue the converse, *i.e.*, that Employer is seeking to artificially shorten or end its obligation to provide future medical care, given Employee's concerns about the statute of limitations.

success on appeal, and that this appeal was brought solely for delay. We therefore conclude this appeal is frivolous. Accordingly, we exercise our discretion pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.09(4) to award Employee attorneys' fees in the amount of $2,500.00.

## Conclusion

For the foregoing reasons, we affirm the trial court's order, conclude Employer's appeal is frivolous and award attorneys' fees in the amount of $2,500.00, and certify the order as final. Costs on appeal are taxed to Employer.